IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PLEASURES OF SAN PATRICIO, INC.

Plaintiff

vs                                                      CIVIL 07-1934CCC

JUAN C. MENDEZ-TORRES, in his official
capacity as Secretary of the Puerto Rico
Department of Treasury

Defendant

# O R D E R

This is an action brought under our federal question jurisdiction in which plaintiff
Pleasures of San Patricio, Inc. (Pleasures) challenges the application by defendant Juan C.
Méndez (Méndez), the Secretary of the Commonwealth's Treasury Department, of the
Commonwealth's cigarette excise tax to a shipment of cigars it ordered in September 2007.
Before the Court now is the Motion to Dismiss filed by defendant Méndez on February 15,
2008 (**docket entry 26**), which defendant Méndez opposed on March 7, 2008 (**docket
entry 27**).

The salient facts, taken in toto from the allegations of the amended complaint (docket
entry 25) as we must, follow.  Pleasures distributes tobacco and other products in Puerto
Rico and is the exclusive distributor of Cheyenne Little Cigars in the Commonwealth.
Cheyenne Little Cigars is a tobacco product which the U.S. Department of the Treasury has
classified as a "little cigar," and not a cigarette.  Puerto Rico's Internal Revenue Code
imposes an excise tax on cigarettes, but none on little cigars.  Before September 28, 2007,
Pleasures had received multiple shipments of Cheyenne Little Cigars, and the
Commonwealth's Treasury Department never imposed on them the cigarette excise tax.
However, the Secretary did impose said tax on a shipment of seven pallets of Cheyenne
Little Cigars ordered by Pleasures which arrived to Puerto Rico on that date, which plaintiff
refused to pay.  As a result, that shipment remains detained in a warehouse, where it has
been deteriorating.  Pleasures seeks that Méndez be ordered to release the shipment of

CIVIL 07-1934CCC                                   2

Cheyenne Little Cigars and that a permanent injunction be issued against the imposition of

the cigarette excise tax upon Cheyenne Little Cigars.

Méndez' sole argument in support of dismissal is that this action is barred by the

Butler Act, 48 U.S.C. §872, which prohibits the filing of suits in this Court "for the purpose of

restraining the assessment or collection of any tax imposed by the laws of Puerto Rico ..."[1]

In its opposition, Pleasures counters that rather than challenging any tax law of the

Commonwealth or defendant's authority to assess or collect cigarette excise taxes, it instead

has averred that defendant's actions "constitute an undue and excessive interference of

interstate commerce in little cigars," Opposition, at p. 4, which allegedly constitutes a

cognizable constitutional claim not barred by the Butler Act.

The considerations which underlie the Butler Act are "equity practice, . . . principles

of federalism... and the imperative need of a State to administer its own fiscal operations."

U.S. Brewers Ass'n, Inc. v. Pérez, 592 F.2d 1212, 1214 (1st Cir. 1979) (quoting Tully v.

Griffin, 429 U.S. 68, 73 (1976)).   Having painstakingly reviewed the allegations of the

Amended Complaint, we are firmly convinced that this is a prototypical Butler Act case as

plaintiff is explicitly challenging the validity of a tax and Méndez' authority to assess it.  The

Amended Complaint's prayer is particularly telling in this regard:

> Pleasures . . . petitions this Honorable Court ... to order the immediate release
> of Plaintiff's shipment of Cheyenne Little Cigars from the Free Zone in Cataño,
> P.R., to issue a permanent injunction against the selective and discriminatory
> imposition of cigarette excise upon Cheyenne Little Cigars, to declare that the
> excise tax of 1994 Internal Revenue Code of Puerto Rico Section 2009 [is] not
> applicable to Cheyenne Little Cigars...

Amended Complaint, at p. 5.

---

[1] Although the Butler Act prohibition contains no exceptions, the Court of Appeals has interpreted that it does not preclude the enjoinment of a Commonwealth tax where there exists no "plain, speedy and efficient remedy" in the local forums.  Parker v. Agosto-Alicea, 878 F.2d 557, 559 (1st Cir. 1989). But plaintiff has not alleged in its Amended Complaint that such was the case here.  And while it claims in the opposition that it exhausted all the available administrative remedies, there is no mention there of having also sought judicial review but that said review was unobtainable.  See e.g. Carrier Corp. v. Pérez, 677 F.2d 162, 164 (1st Cir. 1982).

CIVIL 07-1934CCC                                3

Plaintiff insists, however, that its action falls outside the purview of the Butler Act because it challenges the regulatory letter used by Méndez to classify the Cheyenne Little Cigars as cigarettes for being discriminatory under the Commerce Clause.  It is true that the Amended Complaint is spattered with phrases such as "arbitrarily and capriciously discriminated against out-of-state little cigars," (¶ 12), "unconstitutional interference with interstate commerce and discriminatory treatment of out-of-state little cigars," (¶¶ 13, 15), "discriminatory purpose and effect on interstate commerce," (¶ 16), "unconstitutional discrimination against and unconstitutional interference with Plaintiff's interstate shipment of Cheyenne Little Cigars," (¶¶ 18, 20), and that one of its allegations avers that the August 17, 2005 letter issued by Méndez which was used as a basis to tax plaintiff's merchandise in September 2007 applied only to little cigars produced in the United States and not to little cigars produced in Puerto Rico.  Amended Complaint, at ¶ 16.  But this is simply not enough to take this action out of the realm of the Butler Act, for even with all this glossy constitutional rhetoric we would still lack jurisdiction to entertain plaintiff's complaint as long as it ultimately seeks to restrain the collection of any tax imposed by the laws of Puerto Rico.  See Trailer Marine Transport Corp. v. Rivera-Vázquez, 977 F.2d 1, 4-6 (1st Cir. 1992).  And, as noted above, plaintiff's suit boils down to a challenge to the Commonwealth's taxing authority.  Thus, we plainly lack jurisdiction to entertain it.

For the reasons stated, the Motion to Dismiss filed by defendant Méndez on February 15, 2008 (**docket entry 26**) is GRANTED.  Judgment will be entered DISMISSING this action for lack of jurisdiction.

SO ORDERED.

At San Juan, Puerto Rico, on August 28, 2008.

S/CARMEN CONSUELO CEREZO
United States District Judge